**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MELANIE SHEPARD, *et al.,* *individually and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>Defendant. | Case No.: 2:21-cv-01977-CCC-MF<br><br>**PROPOSED ORDER** |
| JESSICA MOORE**,** *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>Defendant. | Case No.: 2:21-cv-02516-CCC-MF |
| MICHELE WALLACE, *et al., individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>GERBER PRODUCTS COMPANY, BEECH-NUT NUTRITION COMPANY, NURTURE, INC. AND HAIN CELESTIAL GROUP, INC.,<br><br>Defendants. | Case No.: 2:21-cv-02531-CCC-MF |

| | |
|---|---|
| MUSLIN PIERRE-LOUIS,<br>*individually and on behalf of all others similarly situated*,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>　　　　Defendant. | Case No.: 2:21-cv-04791 |
| JEREMY CANTOR, *et al,*<br>*individually and on behalf of all others similarly situated*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>　　　　Defendant. | Case No.: 2:21-cv-03402-CCC-ESK |

This matter having come before this Court upon the notice of motion of Plaintiffs Melanie Shepard (a citizen of Connecticut), Ciara Vargas (a citizen of Connecticut), Tisha Valdez (a citizen of Colorado), and Gwendaline Quarles (a citizen of Texas), to consolidate all of the above-captioned actions, and the notice of cross-motion of Plaintiff Jessica Moore (a citizen of Texas) to transfer all claims against Defendant Gerber Products Company ("Gerber") to the Eastern District of Virginia, and the Court having considered all briefs and supporting materials, and good cause having been shown, this Court makes the following Findings of Fact and Conclusions of Law:

1. Defendant Gerber is a corporation organized under the laws of the State of Michigan with its headquarters and principal place of business in the State of Virginia.

2. This Court finds that Gerber transferred its headquarters and senior executive staff to Virginia approximately three years ago.  Current employees may be asked to appear in the Eastern District of Virginia for hearings or trial, and the pretrial testimony of present or former employees can be obtained at mutually convenient locations.

3. The Court finds that the interests of efficiency and judicial economy favor transfer of the claims against Gerber to the Eastern District of Virginia where the number of civil filings per judge, the average number of civil cases per judge, the median months from filing to disposition, the median months from filing to trial, and the number and percentage of civil cases more than three years old, all substantially favor the Eastern District of Virginia.  The Court also finds that proceedings in the Eastern District of Virginia in Alexandria, Virginia, adjacent to in metropolitan Washington, D.C., would be convenient for the parties, counsel and witnesses and impose no undue hardship.

4. This Court concludes, in the alternative, that if transfer is not authorized by 28 U.S.C. §1404(a), it should transfer the consolidated claims against Defendant Gerber to the Eastern District of Virginia, pursuant to 28 U.S.C. §1406(a).

5. The motion to consolidate is hereby GRANTED insofar as the actions assert claims against Defendant Gerber, and DENIED insofar as the actions in the *Wallace* action assert claims against any other manufacturer of baby food products. Such non-Gerber claims are hereby SEVERED from claims against Gerber.

6. The motion of Plaintiff Jessica Moore to transfer all claims against Defendant Gerber is hereby GRANTED.

It is on this ___ day of _____, 2021, SO ORDERED.

_____
Honorable Claire C. Cecchi
United States District Judge