# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELANIE SHEPARD *et al.*, individually and on behalf of all others similarly situated,<br><br>　　Plaintiffs,<br>v.<br><br>GERBER PRODUCTS COMPANY<br><br>　　Defendant. | Case No.: 2:21-cv-01977-CCC-MF |
| MUSLIN PIERRE-LOUIS, individually and behalf of all others similarly situated<br><br>　　Plaintiff,<br>v.<br><br>GERBER PRODUCTS COMPANY<br><br>　　Defendant. | Case No.: 2:21-cv-04791-CCC-MF |
| JESSICA MOORE, individually and behalf of all others similarly situated<br><br>　　Plaintiff,<br>v.<br><br>GERBER PRODUCTS COMPANY<br><br>　　Defendant. | Case No.: 2:21-cv-02516-CCC-MF |

| | |
|---|---|
| JULIANA FONDACARO and MAYRA VERDUZCO, on behalf of themselves all others similarly situated<br><br>    Plaintiffs,<br><br>v.<br><br>GERBER PRODUCTS COMPANY<br><br>    Defendant. | Case No.: 2:21-cv- 05032-CCC-MF |
| LACY MARTIN and HOLLY SILVERTHORN, on behalf of themselves all others similarly situated<br><br>    Plaintiffs,<br><br>v.<br><br>GERBER PRODUCTS COMPANY<br><br>    Defendant. | Case No.: 2:21-cv-05846-CCC-MF |
| LaKENDRA CAMILLE MCNEALY, individually and on behalf of a class of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>    Defendant. | Case No.: 2:21-cv- 09064-CCC-MF |

## MARTIN PLAINTIFFS' RESPONSE IN SUPPORT OF THE MOORE CROSS-MOTION TO CONSOLIDATE AND TRANSFER

Plaintiffs Lucy Martin and Holly Silverthorn ("*Martin* Plaintiffs") respectfully submit this response in support of the cross-motion for consolidation and transfer filed by the plaintiffs in *Moore v. Gerber Products Co.*, No. 2:21-cv-02516-CCC-MF (the "*Moore* Cross-Motion"). The *Moore* Cross-Motion requests consolidation of the claims filed against Defendant Gerber Products Company ("Gerber") in the District of New Jersey[1] and the transfer of those consolidated claims to the Eastern District of Virginia, where Gerber is headquartered.

The Gerber Actions, as well as the cases filed against other baby food manufacturers, were precipitated by a report released by the U.S. House of Representatives Subcommittee on Economic and Consumer Policy, Committee on Oversight and Reform. The Congressional report identified potentially dangerous levels of toxic heavy metals in popular baby food products sold in the United States. The plaintiffs in all the cases allege that the baby food manufacturers, including Gerber, knowingly advertised their baby foods as safe and suitable for consumption by babies, in order to encourage consumers to purchase their products.

---

[1] The *Moore* Plaintiffs seek to consolidate and transfer the following actions: *Shepard v. Gerber Prods. Co.*, No. 2:21-cv-01977; *Pierre-Louis v. Gerber Prods. Co.*, No. 2:21-cv-04791; *Moore v. Gerber Prods. Co.*, No. 2:21-cv-02516; *Fondacaro v. Gerber Prods. Co.*, No. 2:21-cv-05032; *Martin v. Gerber Prods. Co.*; 2:21-cv-05846; *McNealy v. Gerber Prods. Co.*, No. 2:21-cv-09064; and *Henry v. Gerber Prods. Co.*, No. 2:21-cv-05864 (together, the "Gerber Actions").

1

## I.     Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). The court must balance private and public interests when deciding whether to transfer a case pursuant to Section 1404(a).  The statute's purpose is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations and citations omitted). The party moving for transfer pursuant to Section 1404(a) "bears the burden of establishing that the transfer is appropriate and must establish that the alternate forum is more convenient than the present forum." *Santi v. Nat'l Bus. Records Mgmt., LLC*, 722 F. Supp. 2d 602, 606 (D.N.J. 2010) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)).

When considering a party's motion to transfer, the Court must determine whether the suit could have been brought in the proposed forum. *Santi*, 722 F. Supp. 2d at 606.  If venue would be proper in the proposed forum, then the Court must consider whether various private and public interests favor transfer. *Jumara*, 55 F.3d 873 at 879.  The private factors include: "(1) the plaintiff's choice of forum; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the witnesses but only to the extent that the witnesses may actually

be unavailable for trial in one of the for a; (5) the convenience of the parties as indicated by their relative physical and financial condition; and (6) the location of books and records." *In re 3M Co. Sec. Litig.*, No. 19-15982 (CCC), 2020 WL 5105233, at *2 (D.N.J. Aug. 31, 2020) (Cecchi, J.) (citing *Jumara*, 55 F.3d at 879). The public factors include "(1) the enforceability of the judgment; (2) practical considerations making the trial easy, expeditious, or inexpensive; (3) administrative difficulty in the two fora resulting from court congestion; (4) local interest in deciding a local controversy at home; (5) public policies of the for a; and (6) the trial judge's familiarity with the applicable law." *Id.*

## II. The Gerber Actions Should Be Transferred to the Eastern District of Virginia

There is no question that the Eastern District of Virginia is a proper venue for this case. Gerber is headquartered in the Eastern District of Virginia, and the federal court there enjoys general jurisdiction over Gerber.

Transfer to the Eastern District of Virginia is appropriate where, as here, the private and public interests weigh in favor of transfer. As both the *Moore* Plaintiffs and Gerber have acknowledged, Gerber began the process of moving its headquarters from Florham, New Jersey to Arlington, Virginia in 2018. *See* Mem. of Law in Opp'n to Pl. Jessica Moore's Cross-Mot. to Transfer All Gerber Claims at 4-5, *Moore v. Gerber Prods. Co.*, No. 2:21-cv-02516-CC-MF (D.N.J. Apr. 5,

2021), ECF No. 18. Since that time, Gerber's senior executives, including its in-house legal department, have relocated to Arlington, Virginia.

Gerber has stated that the relevant witnesses work or reside in New Jersey. However, that should not have any bearing on this Court's decision. As this District has noted, the convenience of the witnesses should be considered "only to the extent that a witness may actually be unavailable for trial in one of the fora[.]" *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 218 (D.N.J. 2020). As the *Moore* Plaintiffs correctly stated in their Cross-Motion, the pretrial testimony of any Gerber witnesses can be obtained at locations mutually agreeable to the parties.

Further, transfer of the Gerber Actions to the Eastern District of Virginia will allow for uniformity in the conduct of the litigation. The *Martin* Plaintiffs, as well as other plaintiffs, have taken the position that the cases filed against each baby food manufacturer should be transferred to the district in which each manufacturer is headquartered. *See* Interested Party Resp. in Opp'n to Pls.' Mot. for Transfer of Actions Pursuant to 28 U.S.C. § 1407, *In re Baby Food Mktg., Sales Practices and Prods. Liab. Litig.*, No. 2997 (J.P.M.L. Apr. 13, 2021), ECF No. 118. There is no good reason to deviate from that position here.

Moreover, adjudication of the claims of all plaintiffs against Gerber in a single forum will be more efficient than forcing multiple courts to adjudicate related claims. The Eastern District of Virginia currently has seven cases filed against

4

Gerber pending before it, including *Cantor v. Gerber Prods. Co.*, 1:21-cv-00489-LO-TCB (E.D.V.A.), which was filed by plaintiffs that had initially filed their case in this District.

### III.   Conclusion

For the foregoing reasons, and for the reasons articulated in the *Moore* Cross-Motion, this Court should consolidate the Gerber Actions and transfer the cases to the Eastern District of Virginia.

Dated:  May 3, 2021                        By: */s/ James C. Shah*
                                           James C. Shah
                                           **MILLER SHAH LLP**
                                           2 Hudson Place
                                           Suite 100
                                           Hoboken, NJ 07030
                                           Telephone:  856-526-1100
                                           Facsimile: 866-300-7367
                                           Email: jcshah@millershah.com

                                           Annick Persinger (Admitted *Pro Hac Vice*)
                                           TYCKO & ZAVAREEI LLP
                                           1970 Broadway, Suite 1070
                                           Oakland, CA 94612
                                           Telephone: 510-254-6806
                                           Facsimile: (202) 973-0950
                                           Email: apersinger@tzlegal.com

                                           *Counsel for Martin Plaintiffs and the Putative Class*