## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELANIE SHEPARD, *et al.,* *individually and on behalf of all others similarly situated*, | CASE NO. 2:21-cv-01977-CCC-MF |
| Plaintiffs, | **DEFENDANT GERBER PRODUCTS COMPANY'S FURTHER RESPONSE IN OPPOSITION TO PLAINTIFF JESSICA MOORE'S CROSS-MOTION TO TRANSFER ALL GERBER CLAIMS TO THE EASTERN DISTRICT OF VIRGINIA** |
| v. | |
| GERBER PRODUCTS COMPANY, | |
| Defendant. | Motion Date: June 7, 2021 |
| | Hon. Claire C. Cecchi |
| MUSLIN PIERRE-LOUIS, *individually and on behalf of all those similarly situated*, | CASE NO. 2:21-cv-04791-CCC-MF |
| Plaintiff, | |
| v. | |
| GERBER PRODUCTS COMPANY, | |
| Defendant. | |
| JULIANA FONDACARO and MAYRA VERDUZCO, *on behalf of themselves and a class of others similarly situated*, | CASE NO. 2:21-cv-05032-CCC-MF |
| Plaintiffs, | |
| v. | |
| GERBER PRODUCTS COMPANY, | |
| Defendant. | |

| | |
|---|---|
| LACY MARTIN and HOLLY SILVERTHORN, *individuals and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-05846-CCC-MF |
| LaKENDREA CAMILLE MCNEALY, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-09064-CCC-MF |
| NAJAH A. HENRY, *et al.*, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-05864-CCC-MF |

| | |
|---|---|
| MICHELLE WALLACE and VANESSA GALLUCCI, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-09980-CCC-MF |
| JESSICA MOORE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-02516-CCC-MF |

**DEFENDANT GERBER PRODUCTS COMPANY'S FURTHER RESPONSE IN OPPOSITION TO PLAINTIFF JESSICA MOORE'S CROSS-MOTION TO TRANSFER ALL GERBER CLAIMS TO THE EASTERN DISTRICT OF VIRGINIA**

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT ..........................................................................................................2

I.       Transfer Under 28 U.S.C. § 1404(a) Is Improper ...........................................2

         A.       Transfer is Improper Under the First-to-File Rule................................3

         B.       The Section 1404(a) Factors Support Denying the Transfer
                  Motion. ...........................................................................................4

CONCLUSION .......................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ponzio v. Mercedez-Benz USA, LLC*,
    447 F. Supp. 3d 194 (D.N.J. 2020) ..........................................................3, 4, 5, 6

*In re: Processed Egg Prods. Antitrust Litig.*,
    MDL No. 08-md-2002, 2019 WL 5394109 (E.D. Pa. Oct. 22, 2019) ..................3

**Statutes**

28 U.S.C. §1404(a)..........................................................................................1, 2, 3, 4

Defendant Gerber Products Company ("Gerber") respectfully submits this further response in opposition to Plaintiff Jessica Moore's ("Plaintiff Moore") Cross-Motion to Transfer All Gerber Claims to the Eastern District of Virginia, filed in *Moore v. Gerber Products Company*, No. 2:21-cv-02516-CCC-MF (D.N.J.) (*See Moore* Action Dkt. No. 8) (the "Transfer Motion").

## **PRELIMINARY STATEMENT**

Gerber's Opposition (*Moore* Action Dkt. No. 18) to the procedurally improper Transfer Motion established that Plaintiff Moore's request for transfer of the NJ Actions[1] to the Eastern District of Virginia should be denied because venue is appropriate in New Jersey and because Plaintiff Moore failed to satisfy her burden to show that transfer is warranted under 28 U.S.C. §1404(a). Gerber's Opposition further established that the 1404(a) factors favor litigating in New Jersey *and* the first-to-file rule separately requires the NJ Actions to proceed in New Jersey.

Plaintiffs in the *Martin* Action ("*Martin* Plaintiffs") submitted a brief response supporting Plaintiff Moore's Transfer Motion. (*See Moore* Action Dkt. No. 27.) Like Plaintiff Moore, the *Martin* Plaintiffs completely fail to provide any factual basis that

---

[1] Since Gerber filed its Opposition, the *Cantor* Action was voluntarily dismissed; *Wallace v. Gerber Products Company*, No. 2:21-cv-09980-CCC-MF (D.N.J) (the "*Wallace* Action") was filed; and *McNealy v. Gerber Products Company*, No. 2:21-cv-09064-CCC-MF (D.N.J.) (the "*McNealy* Action") was voluntarily transferred to this District from the District of Minnesota. There are thus currently eight NJ Actions: *Shepard*, *Moore*, *Pierre-Louis*, *Fondacaro*, *Martin*, *Henry*, *McNealy*, and *Wallace*.

would support transferring the NJ Actions out of this District.  First, the *Martin* Plaintiffs do not address—because they cannot—the fact that the first-to-file rule alone warrants denying the Transfer Motion because the first-filed case was filed in this District.  In any event, the *Martin* Plaintiffs' conclusory arguments are easily rebutted, beginning with their argument that the Court should transfer the NJ Actions because the Eastern District of Virginia has  personal jurisdiction over Gerber.  That is true but irrelevant to this motion, as the District of New Jersey also has personal jurisdiction over Gerber with respect to these and similar disputes.  Second, the *Martin* Plaintiffs conduct no analysis to support their argument that the 28 U.S.C. § 1404(a) factors mandate transfer.  The relevant and likely key witnesses reside and are still located in New Jersey and the bulk of the alleged activity occurred in New Jersey.  Moreover, the *Martin* Plaintiffs' argument that the cases pending against Gerber should be litigated in one forum supports *denying* the Transfer Motion, because (i) the majority of such actions are pending in this District, (ii) Gerber is working to transfer other similar actions to this District and (iii) *other Plaintiffs* are similarly seeking to transfer such actions to the District of New Jersey.  For these reasons and as set forth in Gerber's Opposition, the Transfer Motion should be denied.

## **ARGUMENT**

### I.    **Transfer Under 28 U.S.C. § 1404(a) Is Improper**

Gerber's Opposition established that Plaintiff Moore failed to meet *her burden*

for transfer under 28 U.S.C. § 1404(a) because she merely requested transfer of the NJ Actions based on nothing more than her inaccurate and unsupported speculation.  (*See Moore* Action Dkt. No. 18 at 13-14); *In re: Processed Egg Prods. Antitrust Litig.*, MDL No. 08-md-2002, 2019 WL 5394109, at *3 (E.D. Pa. Oct. 22, 2019) (quoting *One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*, 987 F. Supp. 317, 326 (D.N.J. 1997) ("[t]he party seeking a transfer should support its motions with affidavits and other documentation that establishes that the interests of justice and convenience of the parties would be best served by a transfer.")).  Like Plaintiff Moore, Plaintiff Martin failed to submit an affidavit or other evidence supporting her request for transfer.  Thus, like Plaintiff Moore, Plaintiff Martin has not carried her burden of establishing the need for transfer and the Court should deny the Transfer Motion on this basis alone.

## A.    Transfer is Improper Under the First-to-File Rule.

Moreover, as a preliminary matter, *Ponzio v. Mercedez-Benz USA, LLC*, 447 F. Supp. 3d 194 (D.N.J. 2020)—a case cited by the *Martin* Plaintiffs—also supports denying the Transfer Motion under the first-to-file rule—an argument Gerber set forth in its Opposition, but which the *Martin* Plaintiffs ignore.  (*See Moore* Action Dkt. No. 17-19.)   In *Ponzio*, the court acknowledged that "the first-filed suit should have priority absent a showing that the balance of inconvenience favors transfer or unless there are special circumstances which justify giving priority to the second suit."  *Id.*

(citations omitted). The *Ponzio* court denied transfer because the action the defendant sought to transfer was the first-filed action. *Id.* Here, the *Shepard* Action was the first-filed action and neither the *Moore* nor *Martin* Plaintiffs have set forth any "inconvenience" or "special circumstances" that warrant transfer. Accordingly, the Transfer Motion can and should be denied based on the first-to-file rule alone.

## B.   The Section 1404(a) Factors Support Denying the Transfer Motion.

Gerber's Opposition further established that the 28 U.S.C. § 1404(a) factors favor litigating these matters in New Jersey. (*See Moore* Action Dkt. No. 18 at 14-19.) Indeed, Gerber submitted the Declaration of Georgina M. de la Peña ("de la Peña Decl.") (*Moore* Action Dkt. No. 18-1), which provided the factual basis establishing that each of the § 1404(a) factors favors New Jersey. In response, the *Martin* Plaintiffs make passing reference to four arguments they contend support the Transfer Motion, each of which is unsupported by any factual evidence and easily refuted.

First, the *Martin* Plaintiffs state that there is general jurisdiction over Gerber in the Eastern District of Virginia. (*Moore* Action Dkt. No. 27 at 3.) Gerber does not dispute that there is general jurisdiction over it in Virginia, but whether an entity is subject to general jurisdiction in the requested transferee venue is *not* a factor under 28 U.S.C. § 1404(a). Moreover, the *Martin* Plaintiffs fail to acknowledge that this Court has jurisdiction over Gerber with respect to the actions stemming from the Report.

Gerber does not and will not contest jurisdiction over it in the District of New Jersey, which is its preferred forum.  (de la Peña Decl. ¶ 18.)

Second, the *Martin* Plaintiffs claim, again without any factual support, that "Gerber's senior executives, including its in-house legal department, have relocated to Arlington, Virginia." (*Moore* Action Dkt. 27 at 4.)  But the location of a company's "senior executives" has little to no relevance to the § 1404(a) analysis here, where the bulk of the relevant marketing and regulatory decisions occurred in New Jersey during the relevant timeframe *and* key current and former Gerber employees who are likely to be witnesses are *still* located in New Jersey.  (de la Peña Decl. ¶¶ 10, 16.)  The *Martin* Plaintiffs themselves are residents of Florida and New York—*not* Virginia—so New Jersey is just as convenient (if not more given its easy access) for them.  (*See Martin* Action Dkt. No. 1 ¶¶ 7, 8.)

Third, the *Martin* Plaintiffs' conclusory statement that the location of key witnesses "should not have any bearing on this Court's decision" on the Transfer Motion (*Moore* Action Dkt. No. 27 at 6) is plainly wrong and finds no support in *Ponzio v. Mercedez-Benz USA, LLC*, the only case cited by the *Martin* Plaintiffs on this point.  There, the court denied the *defendant's* transfer request.  In *Ponzio*, "[n]either [p]laintiffs nor [d]efendants submit[ted] that the ease of access to sources of proof or the convenience of the witnesses—to the extent that a witness may actually be unavailable for trial—favor or disfavor transfer." 447 F. Supp. 3d at 220.  The court,

therefore, found those two factors to be "neutral." *Id.* Here, Gerber's Opposition established that *both* access to sources of proof and convenience of witnesses—most of whom are located in New Jersey—favors denying the Transfer Motion. (*Moore* Action Dkt. No. 18 at 15-17.)

Finally, the *Martin* Plaintiffs assert that transfer would "allow for uniformity in the conduct of the litigation" and "adjudication of the claims against Gerber in a single forum will be more efficient than forcing multiple courts to adjudicate related claims." (*Moore* Action Dkt. No. 27 at 4.) This argument ignores that Gerber is working towards consolidating the other related actions filed outside of New Jersey within the District of New Jersey, as it did with the *McNealy* Action. (*See McNealy* Action Dkt. No. 16 (transferring action from District of Minnesota to District of New Jersey).) Denial of the Transfer Motion will facilitate that in-progress consolidation in a single forum—the District of New Jersey.

## <u>CONCLUSION</u>

For the foregoing reasons and for the reasons set forth in Gerber's Opposition, the Transfer Motion should be denied.

Respectfully submitted,

Dated May 10, 2021

KELLEY DRYE & WARREN LLP

By: */s/ Geoffrey W. Castello*
    Geoffrey W. Castello
    Glenn T. Graham
    One Jefferson Road, 2nd Floor
    Parsippany, NJ  07054
    T: (973) 503-5900
    F: (973) 503-5950
    gcastello@kelleydrye.com
    ggraham@kelleydrye.com

    Bryan A. Merryman
    (admitted *pro hac vice*)
    Catherine S. Simonsen
    (admitted *pro hac vice*)
    WHITE & CASE LLP
    555 Flower Street, Suite 2700
    Los Angeles, CA 90071-2433
    T: (213) 620-7700
    F: (213) 452-2329
    bmerryman@whitecase.com
    catherine.simonsen@whitecase.com

Attorneys for Defendant
*Gerber Products Company*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 10, 2021, I caused a copy of the foregoing Further Response in Opposition to Plaintiff Jessica Moore's Cross-Motion to Transfer All Gerber Claims to the Eastern District of Virginia to be filed electronically with the Clerk of the Court via the Court's ECF system which will send notification of such filing to all counsel of record.


By:     */s/ Geoffrey W. Castello*
            Geoffrey W. Castello